**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| **Plaintiff** : | |
| V. : | **CRIMINAL NO. 15-063 (CKK)** |
| : | |
| DOUGLAS HUGHES : | |
| : | |
| **Defendant** : | |

## MOTION TO PERMIT DEFENDANT TO RETAIN ADDITIONAL COUNSEL IN ORDER TO ASSIST APPOINTED COUNSEL

Defendant, Douglas Hughes, was arrested in connection with the above captioned case on April 15, 2015, for allegedly flying a gyrocopter into the District of Columbia and landing the gyrocopter on the west lawn of the United States Capitol. On the following day, Mr. Hughes was charged by criminal complaint for the April 15 incident and he appeared in court before a United States magistrate judge. The criminal complaint charged Mr. Hughes with an aircraft registration violation offense (49 U.S.C. § 46306(b)(5)) and an offense involving a violation of national defense airspace (49 U.S.C. § 46307). The magistrate court inquired about Mr. Hughes's eligibility for appointed counsel, and the court found that Mr. Hughes is qualified for the appointment of counsel. Accordingly, undersigned counsel from the Office of the Federal Public Defender was appointed to represent Mr. Hughes. At the conclusion of his initial appearance, without any objection from the government, Mr. Hughes was released on his personal recognizance.

About five weeks after Mr. Hughes's first appearance in court, a grand jury returned an indictment against Mr. Hughes in relation to the April 15, 2015, incident. In addition to the crimes charged in the criminal complaint, the indictment charges Mr. Hughes with two national defense airspace violations, a failure to operate with an airman's certificate offense (18 U.S.C. §

46306(b)(7)), and operating and owning a vehicle falsely labeled as a postal carrier (18 U.S.C. § 1731). Two of the crimes for which Mr. Hughes is charged are felony offenses.

Mr. Hughes's counsel and counsel for the government are currently engaging in plea negotiations in an effort to resolve Mr. Hughes's case without a trial. Based on the present status of the plea discussions, however, it appears likely that Mr. Hughes's case will proceed to trial. If Mr. Hughes's case goes to trial, Mr. Hughes strongly believes that, in order to receive the effective assistance of counsel, his defense will require the labor and time of at least two attorneys. In an effort to have two attorneys assigned to his case, Mr. Hughes would like to add Mark Goldstone to his defense team. Mr. Goldstone maintains his law office in the District of Columbia, and he has been practicing law in the area for about thirty years. Mr. Goldstone has vast experience in representing defendants who are charged with criminal offenses as a consequence of acts of protest and civil disobedience. Because of this experience, Mr. Hughes believes that adding Mr. Goldstone as a second attorney is vital to his defense. If Mr. Hughes is able to obtain enough financial assistance from certain individuals who are concerned about his fate, he intends to retain the second attorney only if this Court will permit undersigned counsel to remain appointed as Mr. Hughes's lead counsel.

Significantly, because the amount of financial assistance, if any, Mr. Hughes expects to obtain is limited, Mr. Hughes does not anticipate that he will be able to afford an attorney who will be willing to handle his case alone. Thus, Mr. Hughes has discussed a potential arrangement with Mr. Goldstone in which Mr. Goldstone will agree to accept a substantially reduced fee on the condition that Mr. Goldstone will share responsibility for handling Mr. Hughes's case with at least one other attorney.

In the event Mr. Hughes is able to raise limited funds in order to retain counsel in the manner

described above, such an arrangement does not disqualify Mr. Hughes from having counsel appointed to represent him. Because the amount of funds Mr. Hughes anticipates he will be able to obtain is not sufficient to retain an attorney who can provide Mr. Hughes full representation, Mr. Hughes will still be financially unable to obtain adequate representation. This continued financial incapability entitles Mr. Hughes to the appointment of counsel.[1]

For the reasons stated in this motion, Mr. Hughes seeks permission from the Court to use funds he may obtain from concerned individuals in order to retain an attorney to assist undersigned counsel in the representation of Mr. Hughes in the instant case. Mr. Hughes is making this request because he strongly believes that he will need the assistance of at least two lawyers, and because he does not believe he can obtain enough financial assistance to hire an attorney who can fully represent him. Therefore, Mr. Hughes requests that this motion be granted so that he may proceed to trial with appointed counsel from the Office of the Federal Public Defender and with an additional attorney that he anticipates retaining.

                                                Respectfully submitted,

                                                A.J. KRAMER
FEDERAL PUBLIC DEFENDER

                                                /s/
Tony W. Miles
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500

---

[1] In accordance with 18 U.S.C. § 3006A(a) & (b), with regard to any defendant charged in a United States district court with certain types of offenses, including any felony offense, "the United States magistrate judge or the court, if satisfied after appropriate inquiry that the person is financially unable to obtain counsel, shall appoint counsel to represent him."